[Civ. No. 5234.   Second Appellate District, Division One.—March 31, 1928.]

CAMILLE ALLEC, Jr., Respondent, v. R. H. BRIGGS et al., Defendants; STELLA BRIGGS, Appellant.

Henry Haves and Clore Warne for Appellant.

Roland Thompson and Lee Utley for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff performed labor for a concern known as R. H. Briggs Trucking Service from November, 1922, to December, 1923. Although defendant R. H. Briggs filed an answer he did not appear at the trial to contest plaintiff's claim. Defendant Stella Briggs filed an answer in which she alleged that the trucking business was the separate property of R. H. Briggs. The complaint contains two counts, the first of which was abandoned by the plaintiff at the commencement of the trial. In the second count it is alleged that in January, 1924, "an account was stated between the plaintiff and the said defendant, and upon said statement a balance of $1,244.04 was found due to the plaintiff from the said defendants. That the defendants agreed to pay to plaintiff the said balance,"

etc. The trial court ordered that plaintiff "recover of and from the defendants R. H. Briggs Trucking Service, a fictitious name, R. H. Briggs and Stella Briggs, his wife, the sum of $1,244.04 . . . '' The judgment provides: "It is further ordered, adjudged and decreed that the said judgment against Stella Briggs shall be satisfied only out of community property belonging to R. H. Briggs and Stella Briggs at the time said obligation was incurred." From this judgment Stella Briggs appeals.

Plaintiff now contends that the judgment against Stella Briggs can be upheld on the theory that a partnership existed between her and defendant R. H. Briggs. Plaintiff did not allege in his complaint and the trial court did not find that a partnership existed between these two parties; nor did the evidence establish such a relationship. Plaintiff testified that his services were engaged by R. H. Briggs, who signed his pay-check; that the name of Stella Briggs did not appear on any cards, letter-heads, or signs about the place of business. He said: "My employer there was R. H. Briggs and Mrs. R. H. Briggs, Stella Briggs. They were acting under the name 'R. H. Briggs Trucking Service.' It was a community name; partnership name and not a corporation. . . . Mrs. Briggs was in the office, she kept books and took the orders and she sent us out to different places and she got after us in case we did not do things right. . . . Mr. Briggs told me that Mr. and Mrs. Briggs were partners. That happened during this time. Both told me that, because whenever they wanted to do something they would consult one another. They were married." Defendant Stella Briggs testified that she and R. H. Briggs were (at the time of the trial) divorced; that the divorce action was commenced in September or October, 1923. She further testified: "My husband and I separated September 22, 1923; I had not been aiding him at his place of business for some time. Before I and my husband separated I would help him in his business. I was in the office up until the last thirty days before we separated. I and my husband have no partnership agreement. I got a salary and a certain allowance from the business to run the house. This business was not incorporated. I had no interest in the business other than the interest Mr. Briggs had in it." The record

discloses that in the pleadings in the divorce action both Mr. and Mrs. Briggs alleged that the trucking business was community property. Clearly the foregoing evidence is insufficient to establish a partnership between R. H. Briggs and Stella Briggs. The trial judge must have so held, else he would not have qualified the judgment rendered against the wife.

Although the trial court found that an account was stated between plaintiff and R. H. Briggs, there is no finding of an account stated between plaintiff and defendant Stella Briggs. On January 10, 1924, when the account was stated with R. H. Briggs, a divorce action was pending between Mr. and Mrs. Briggs and Stella Briggs had nothing whatever to do with the management of the affairs of the trucking concern. ▇▇ Since she was not a partner in the business she was not personally bound by the action of her husband in stating an account with his creditor. (1 Cor. Jur. 702.) After the separation of a husband from his wife and during the pendency of a divorce action the husband may not state an account with a creditor, growing out of transactions concerning the community business and covering a period both before and after the separation, in such manner as to give the creditor a right to a personal judgment against the wife. Whatever rights the plaintiff may have had in the premises were fully protected by his judgment against R. H. Briggs and R. H. Briggs Trucking Service.

The judgment rendered against defendant Stella Briggs is reversed.

Conrey, P. J., and York, J., concurred.